WALTER G. BASKERVILLE, SR., v. EDNA D. BASKERVILLE.[1]

April 7, 1955.

No. 36,606.

[1]Reported in 69 N. W. (2d) 902.

*Emerson Hopp* and *Chester W. Johnson,* for relator.
*Mackall, Crounse, Moore, Helmey & Palmer,* for respondent.

FRANK T. GALLAGHER, JUSTICE.

Alternative writ of mandamus to compel the trial court of Hennepin county to issue an order vacating a judgment in a divorce proceeding and for such other relief as requested in the petition.

Plaintiff sued defendant for a divorce in Hennepin county. The trial continued from October 4, 1954, to November 11, 1954, before the court without a jury. On December 14, 1954, the court made a decision and order in favor of plaintiff, which order was filed the following day and judgment entered on December 16, 1954. No stay was noted on the order since it appears that at that time none had been requested.

On December 23, 1954, and within 30 days after the order for judgment was made, defendant ordered a transcript, pursuant to Rule 59.07 of the Rules of Civil Procedure, and thereafter moved for a stay of entry of judgment, which motion was heard on January 13 and denied on January 19, 1955. The trial court's memorandum stated that the motion for a stay of the entry of judgment would be inadequate under the circumstances here without a motion to vacate the judgment, which had not been made. Defendant then moved to vacate the judgment and stay the entry thereof. That motion was heard on January 31, 1955, and denied the following day. In its memorandum the court took the position that it had no authority to vacate the judgment at the time the motion was made inasmuch as, according to the court, Rule 60.02 excepts a divorce decree from relief from a final judgment.

Although no stay of entry of judgment was requested or granted before entry of judgment in the instant case, it is undisputed that the transcript was ordered within the 30-day period provided for in Rule 59.07. A letter dated March 28, 1955, in the files of this

court from the official court reporter, Eldon B. Buckles, states that a complete transcript in this action had been delivered to counsel for defendant on that date and that a notice of delivery of the transcript, pursuant to Rule 59.07, had been filed with the clerk of the district court in the judicial district where the action had been tried. When the transcript was timely ordered and the order accepted by the reporter, as is evident in this case, and even in the absence of a request for a stay, defendant preserved her right to move for a new trial on a settled case within the time prescribed by Rules 59.07 and 59.03(2).

Rule 59.07 further provides that, after the date of the delivery of the transcript is reported by the reporter to the clerk and recorded by the clerk, the party preparing a case shall serve the same on the adverse party by copy within ten days after the delivery of the transcript. The party served may in like manner propose amendments thereto within five days. Such case, with the amendments, if any, shall within ten days after the service of such amendments be presented to the judge or referee who tried the cause for settlement upon a notice of five days.

Rule 59.03(2) provides that a notice of motion for a new trial, where the record must include a settled case, shall be served not later than 30 days after the case is settled unless the time be extended by the court for cause upon application made during such 30 days.

It is our opinion that Rule 60.02 does not contemplate a situation, even in a divorce proceeding, where, as here, the time within which to make a motion for a new trial has not yet expired. Our rules of civil procedure clearly contemplate a motion for a new trial after entry of judgment in an action tried without a jury, inasmuch as Rule 59.01 expressly provides:

"On a motion for a new trial in an action tried without a jury, the court may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and direct entry of a new judgment."

Rule 81.01 provides that the rules of civil procedure do not govern procedure and practice in the statutory proceedings listed in

Appendix A (including divorce) insofar as the statutes are inconsistent or in conflict with the procedure and practice provided by these rules. We find no such inconsistencies or conflicts with the divorce statutes in connection with the matter before us so as to preclude the applicability of the rules above referred to.

In view of our interpretation of the rules involved, it is our opinion that mandamus should be denied in the instant case. It appears to us that, inasmuch as the transcript has already been delivered, defendant still has ample time to proceed under Rule 59.01 on a motion for a new trial or to appeal from the judgment. For the reasons above stated, the alternative writ of mandamus issued herein be and the same hereby is discharged.

Writ discharged.